## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Deborah Floyd, individually and on behalf of all others similarly situated, | 3:21-cv-00525 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Pepperidge Farm, Incorporated, | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.    Pepperidge Farm, Incorporated ("defendant") manufactures, distributes, markets, labels and sells "Golden Butter [Crackers]" ("Product").



2.      When consumers see a food represented as "[Golden] Butter [Crackers]," they will understand that a "butter cracker" is a type of cracker, and that "butter" is its defining feature.

3.      The meaning of compound words is greater than the sum of its parts, such that "butter cracker" does not mean "a cracker made with butter" but a cracker which is all or predominantly made with butter.

4.      Wherever butter could be used in a food labeled as "Butter _____ ," consumers will expect butter instead of its synthetic substitutes, vegetable oils.

5.      Consumers prefer butter to chemically produced "vegetable" oils for reasons including taste, health and avoidance of highly processed artificial substitutes.

6.      Butter is valued by consumers over vegetable oils because it does not contain the trans fats of vegetable oils.

7.      Butter is less processed, since it is made by churning cow's milk, instead of chemical reactions to make vegetable oils.

8.      Butter is rich in nutrients like calcium and Vitamins A and D.

9.      Butter costs more than vegetable oils like soybean, sunflower or canola oil.

10.     The representations are misleading because even though the Product contains butter, it contains a non-de minimis amount of butter substitutes – vegetable oils – indicated on the ingredient list.

**MADE FROM:** ENRICHED WHEAT FLOUR (FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), BUTTER (MILK), VEGETABLE OILS (CANOLA, SUNFLOWER AND/OR SOYBEAN), SUGAR, INVERT SYRUP, CONTAINS 2% OR LESS OF: SALT, MALTED BARLEY FLOUR, BAKING SODA, MONOCALCIUM PHOSPHATE.

**MADE FROM:** ENRICHED WHEAT FLOUR (FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), BUTTER (MILK), VEGETABLE OILS (CANOLA, SUNFLOWER AND/OR SOYBEAN), SUGAR, INVERT SYRUP, CONTAINS 2% OR LESS OF: SALT, MALTED BARLEY FLOUR, BAKING SODA, MONOCALCIUM PHOSPHATE

11.    The Product contains more vegetable oil than expected given the absence of any qualification of "Golden Butter" or disclosure of butter substitutes on the ingredient list.

12.    Though crackers do not have high levels of fat, their fat content contributes to their taste and texture.

13.    Defendant substitutes vegetable oils for butter, and consumers get less butter.

14.    Companies may add vegetable oils to "butter" products and offer legitimate-sounding reasons.

15.    For many crackers, immediately after they are taken from the oven, they are passed through a unit where they are sprayed with fats – vegetable oils or butter.

16.    Assuming the Product uses vegetable oils as a topical spray, they are applied at around 8 – 18% of the cracker weight, which is consistent with the amount of vegetable oils in the Product, based on the Nutrition Facts.

3

17.     The spray-on vegetable oils enhance the appearance of the Product to the "Golden" color touted on the label.

18.     This is misleading, because consumers will expect that the cause of the golden hue of the Product is butter.

19.     Though vegetable oils are described as "refined, bleached and deodorized," and purportedly do not affect a food's taste, the reality is different.

20.     Vegetable oils, such as soybean, canola and sunflower oil, are highly susceptible to oxidation.

21.     The result is "reversion" of their "neutral" flavor back to the original crude oil odor and aroma before they were refined, bleached and deodorized.

22.     The result is a flavor described as "beany, ""powdery" or "fishy."

23.     The Product's added vegetable oils detract from their taste and push the butter taste to the background.

24.     "Butter crackers" which are made only with butter and not vegetable oils exist in the marketplace and are technologically feasible.



**INGREDIENTS:** Enriched Unbleached Flour (wheat flour, malted barley flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid), Butter (cream [milk], salt), Cane Sugar, Non-GMO Baking Powder (monocalcium phosphate, sodium bicarbonate, corn starch), Sea Salt, Topping Salt.

25.   The "Sweet Butter Crackers" in the above image contain butter and no butter substitutes.

26.   Defendant did not have to name the Product "Golden Butter [Crackers]," but chose to, since this is more enticing to consumers.

27.   Reasonable consumers must and do rely on a company to honestly identify and describe the components and features of the Product, relative to itself and other comparable products.

28.   The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

29.     Defendant sold more of the Product and at a higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

30.     Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

31.     The Product is sold for a price premium compared to other similar products, no less than $2.64 for 9.75 OZ, higher than it would otherwise be sold for, absent the misleading representations and omissions.

<u>Jurisdiction and Venue</u>

Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

Diversity exists because Plaintiff and Defendant are citizens of different states.

32.     Upon information and belief, the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

33.     Plaintiff Deborah Floyd is a citizen of Illinois.

34.     Defendant Pepperidge Farm, Incorporated is a Connecticut corporation with a principal place of business in Norwalk, Fairfield County, Connecticut and is a citizen of Connecticut.

35.     Venue is proper because plaintiff resides in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

<u>Parties</u>

36.     Plaintiff Deborah Floyd is a citizen of Maryville, Madison County, Illinois.

37.     Defendant Pepperidge Farm, Incorporated, is a Connecticut corporation with a principal place of business in Norwalk, Connecticut, Fairfield County

38.   Defendant is one of the oldest producers of baked goods in the country, known by its iconic farmhouse logo.

39.   Defendant is known for using the highest quality ingredients and not cutting corners.

40.   The Product is sold at thousands of stores throughout this state including grocery stores, big box stores, convenience stores, and online.

41.   Plaintiff bought the Product at or exceeding the above-referenced price, on one or more occasions at one or more locations, including Schnucks, 2222 Troy Rd, Edwardsville, IL 62025, on multiple occasions during 2019 and 2020.

42.   Plaintiff bought the Product because she wanted to consume a cracker which contained more butter than it did and did not contain butter substitutes where butter could be used.

43.   The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

44.   Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that its representations are consistent with its components and qualities.

<u>Class Allegations</u>

45.   The class will consist of all purchasers of the Product who reside in Illinois during the applicable statutes of limitations.

46.   Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

47.   Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

48.   Plaintiff is an adequate representative because her interests do not conflict with other members.

49.   No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

50.   Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

51.   Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

52.   Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act</u>
<u>("ICFA"), 815 ILCS 505/1, et seq.</u>

<u>(Consumer Protection Statute)</u>

53.   Plaintiff desired to purchase a product which contained more butter than it did and did not contain butter substitutes where butter could be used.

54.   Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

55.   Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

56.   Plaintiff relied on the representations.

57.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

58.    The Product was manufactured, labeled and sold by defendant and expressly and impliedly warranted to plaintiff and class members that contained more butter than it did and did not contain butter substitutes where butter could be used.

59.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

60.    This duty is based on Defendant's outsized role in the market for this type of Product.

61.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

62.    Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices, and in legal proceedings.

63.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

64.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

65.    Defendant had a duty to truthfully represent the Product, which it breached.

66.    This duty is based on defendant's position, holding itself out as having special knowledge and experience this area – a trusted seller of baked goods.

67.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

68.    Plaintiff reasonably and justifiably relied on these negligent misrepresentations and

omissions, which served to induce and did induce, their purchases of the Product.

69.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

70.    Defendant misrepresented and/or omitted the attributes and qualities of the Product.

71.    Defendant's fraudulent intent is evinced by its knowledge that the Product was not as advertised.

<u>Unjust Enrichment</u>

72.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1.  Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4.  Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and

experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   May 31, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com