**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

**EAST ST. LOUIS**

Deborah Floyd, individually and on behalf of all
others similarly situated,

                               Plaintiff,

                - against -

Pepperidge Farm, Incorporated,

                               Defendant

3:21-cv-00525-SPM

Plaintiff's Memorandum in Opposition to
Defendant's Motion to Dismiss the Complaint

# Table of Contents

TABLE OF AUTHORITIES ............................................................................................... iv

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................ 1

LEGAL STANDARDS ...................................................................................................... 2

ARGUMENT ..................................................................................................................... 2

I.    EXPECTING BUTTER INSTEAD OF BUTTER SUBSTITUTES IS NOT
      FANCIFUL OR UNREASONABLE .................................................................... 2

      A.    Defendant's Reliance on *In re 100% Grated Parmesan Cheese* is
            Misplaced ................................................................................................. 3

      B.    Defendant's Arguments are Insufficient to Disregard *Bell* ..................... 4

            1.    The Use of Butter Substitutes is Not Expected Where Label
                  Contains No Qualifications ............................................................ 5

            2.    Bell's Application was Not Limited to "Single Ingredient
                  Foods" ........................................................................................... 5

            3.    Expecting Butter Instead of Butter Substitutes is Not Fanciful .... 7

      C.    Defendant's Reliance on *Kamara* Fails to Overcome *Bell* ..................... 8

II.   PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS ........................... 9

      A.    Defendant's Reliance on Purported Absence of Notice is Insufficient ....... 9

      B.    Plaintiff Satisfied the Direct-Dealing Exception to Vertical Privity ........... 10

      C.    The "Butter" Representation Warrants the Presence of Butter and Not
            Butter Substitutes ................................................................................... 11

      D.    Implied Warranty Claim is Viable because Product was Not Fit for
            Purpose as Cracker Made Without Butter Substitutes ............................. 11

      E.    The MMWA Claim is Sufficient because it is Based on the Plausible
            Express and Implied Warranty Claims ..................................................... 11

III.  COMMON LAW CLAIMS ARE ADEQUATELY PLED ............................................. 12

      A.    Negligent Misrepresentation Claim is Viable ......................................... 12

       B.     The Complaint Exceeds Particularity Requirements for Fraud ........................... 12

       C.     Unjust Enrichment is Permitted because ICFA Claim is Viable ......................... 13

IV.    PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF ............................... 13

CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Abramov v. Home Depot, Inc.*,
    No. 17-cv-1860, 2018 WL 1252105 (N.D. Ill. Mar. 12, 2018) ............................................. 12

*Anchor Bank, FSB v. Hofer*,
    649 F.3d 610 (7th Cir. 2011) ............................................................................................. 17

*Anthony v. Country Life Mfg, LLC*,
    70 F. App'x 379 (7th Cir. 2003)......................................................................................... 12

*Arreola v. Godinez*,
    546 F.3d 788 (7th Cir. 2008) ............................................................................................. 19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................................... 2, 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................ 2

*Bell v. Publix Super Markets, Inc.*,
    982 F.3d 468 (7th Cir. 2020) ..................................................................................... passim

*Berger v. MFI Holding Corporation*,
    No. 17-cv-06728 (E.D.N.Y. Apr. 3, 2019) .......................................................................... 4

*Bober v. Glaxo Wellcome PLC*,
    246 F.3d 934 (2001)........................................................................................................... 17

*Bonahoom v. Staples, Inc*.,
    No. 20-cv-1942, 2021 WL 1020986 (N.D. Ill. Mar. 17, 2021) ........................................... 15

*Boswell v. Bimbo Bakeries USA, Inc.*,
    No. 20-cv-8923 (JMF), 2021 WL 5144552 (S.D.N.Y. Nov. 4, 2021).................................. 11

*Camasta v. Jos. A Bank Clothiers, Inc.*,
    No. 12-cv-7782, 2013 WL 474509 (N.D. Ill. Feb. 7, 2013)................................................ 18

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir.2014) ............................................................................................... 18

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
    475 F. App'x 113 (9th Cir. 2012) ....................................................................................... 10

*Congregation of the Passion, Holy Cross Province v. Touche Ross & Co*.,
    159 Ill.2d 137, 201 Ill. 71, 636 N.E.2d 503 (1994) ............................................................ 16

*Davis v. G.N. Mortg. Corp.*,
   396 F.3d 869 (7th Cir. 2005) ............................................................................ 3

*Davis v. Hain Celestial Grp. Inc.*,
   297 F. Supp. 3d 327 (E.D.N.Y. 2018) .............................................................. 5

*Elward v. Electrolux Home Prod., Inc.*,
   214 F. Supp. 3d 701 (N.D. Ill. 2016) .............................................................. 13

*Ferris Mfg. Corp. v. Carr*,
   No. 14-cv-04663, 2015 WL 279355 (N.D. Ill. Jan. 21, 2015) ......................... 16

*Forouzesh v. Starbucks Corp.*,
   714 F. App'x 776 (9th Cir. 2018) .................................................................... 10

*Freeman v. MAM USA Corp.*,
   528 F. Supp. 3d 849 (N.D. Ill. 2021) ............................................................... 3

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ........................................................................................ 18

*Fuchs v. Menard, Inc.*,
   No. 17-cv-01752, 2017 WL 4339821 (Sept. 29, 2017) .................................... 12

*Grabowski v. Dunkin' Brands, Inc.*,
   No. 17-cv-5069, 2017 WL 6059966 (N.D. Ill. Dec. 7, 2017) ............................ 9

*Hishon v. King*,
   467 U.S. 69 (1984) ............................................................................................ 2

*Ibarrola v. Kind, LLC*,
   83 F. Supp. 3d 751 (N.D. Ill. 2015) ............................................................ 9, 12

*In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*,
   275 F. Supp. 3d 910 (N.D. Ill. 2017) ............................................................... 4

*In re Bridgestone/Firestone, Inc. Tires Products*,
   155 F. Supp. 2d 1069 (S.D. Ind. 2001) .......................................................... 12

*In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Litig.*,
   155 F. Supp. 3d 772 (N.D. Ill. 2016) ............................................................. 13

*Jamison v. Summer Infant (USA), Inc.*,
   778 F. Supp. 2d 900 (N.D. Ill. 2011) ............................................................... 6

*Kamara v. Pepperidge Farm, Inc.*,
   No. 20-cv-9012 (PKC), 2021 WL 5234882 (S.D.N.Y. Nov. 9, 2021) .............. 10

*Le v. Kohls Department Stores, Inc.*,
    160 F. Supp. 3d 1096 (E.D. Wis. 2016)..................................................................... 18

*Leiner v. Johnson & Johnson Consumer Companies*,
    215 F. Supp. 3d 670 (N.D. Ill. 2016) ....................................................................... 19

*Manley v. Hain Celestial Group, Inc.*,
    417 F. Supp. 3d 1114 (N.D. Ill. 2019) ..................................................................... 16

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018)....................................................................................... 5

*McKinnis v. Kellogg USA*,
    No. 07-cv-2611, 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) .............................. 9

*Moorman Manufacturing Co. v. National Tank Co.*,
    91 Ill.2d 69, 61 Ill. 746, 435 N.E.2d 443 (1982) .................................................... 16

*Muir v. NBTY, Inc.*,
    No. 15-cv-9835, 2016 WL 5234596 (N.D. Ill. Sept. 22, 2016)................................ 19

*Oggi Trattoria and Caffe, Ltd. v. Isuzu Motors Am., Inc.*,
    865 N.E.2d 334 (Ill. App. Ct. 2007) ....................................................................... 14

*Phillips v. DePaul Univ.*,
    19 N.E.3d 1019 (Ill. App. Ct. 2014) ......................................................................... 3

*Red v. Kraft Foods, Inc.*,
    No. 10-cv-1028, 2012 U.S. Dist. LEXIS 164461,
    2012 WL 5504011 (C.D. Cal. Oct.25, 2012)......................................................... 10

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
    No. 18-cv-2250 (NGG) (RML), 2019 WL 3409883 (E.D.N.Y. July 26, 2019)............ 4, 5, 11

*Rhodes v. Pharmacal Co. v. Continental Can Co.*,
    72 Ill.App.2d 362, 219 N.E.2d 726 (1st Dist. 1966)................................................ 13

*Roberts v. City of Chicago*,
    817 F.3d 561 (7th Cir. 2016) ..................................................................................... 2

*Sarr v. BEF Foods*,
    No. 18-cv-6409 (ARR), 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) .......................... 4, 5, 11

*Schirmer v. Nagode*,
    621 F.3d 581 (7th Cir. 2010) ................................................................................... 19

*Spector v. Mondelēz Int'l, Inc.*,
    178 F. Supp. 3d 657 (N.D. Ill. 2016) ....................................................................... 11

*Tamayo v. Blagojevich*,
    526 F.3d 1074 (7th Cir. 2008) ..................................................................... 2

*Thorner v. Fleetwood*,
    No. 00-cv-1012, 2002 WL 1998285 (N.D. Ill. Aug. 28, 2002) ............................. 14

*United States Sec. & Exch. Comm'n v. Winemaster*,
    No. 19-cv-04843, 2021 WL 1172773 (N.D. Ill. Mar. 29, 2021) ............................ 3

*Werbel v. Pepsico, Inc.*,
    No. 09-cv-4456, 2010 WL 2673860
    (N.D. Cal. July 2, 2010) ............................................................................ 10

*Yeftich v. Navistar, Inc.*,
    722 F.3d 911 (7th Cir. 2013) ..................................................................... 16

**Rules**

Fed. R. Civ. P.  9(b) .................................................................................... 17

Fed. R. Civ. P. 12(b)(6) ................................................................................. 2

**Statutes**

15 U.S.C. § 2301(6) ..................................................................................... 15

810 ILCS 5/2-313(1)(a) ................................................................................. 14

810 ILCS 5/2-314(2)(c) ................................................................................. 15

810 ILCS 5/2-607(3)(a) ................................................................................. 12

815 ILCS 505/1 ............................................................................................ 1

815 ILCS 505/2 ............................................................................................ 6

## INTRODUCTION

Plaintiff Deborah Floyd ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Defendant Pepperidge Farm, Incorporated ("Defendant" or "Pepperidge Farm") to dismiss the Complaint ("Compl."). ECF No. 1.

Plaintiff brings claims for damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.* , Compl. ¶¶ 52-57, along with warranty and common law claims, Compl. ¶¶ 58-72, on behalf of a proposed class of similarly situated Illinois consumers who purchased the "Golden Butter" crackers (the "Product"). Compl. ¶ 45. Plaintiff seeks monetary and injunctive relief, expenses, and reasonable attorneys' fees. Compl. at 10; Prayer for Relief, Compl. ¶¶ 2-5.

Defendant argues that the claims should be dismissed because they are not plausible. *See* Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def. Mem."). Defendant's Motion should be denied.

## FACTUAL BACKGROUND

Defendant describes a variety of its crackers with the unqualified statement, "Golden Butter." However, the addition of vegetable oils renders this representation misleading. Plaintiff expected that the Product would use butter wherever butter could be used, instead of butter substitutes in the form of vegetable oils. Compl. ¶¶ 11, 72.

Had Plaintiff known the crackers contained a non-*de minimis* amount of vegetable oils, she would not have bought them or would have paid less. Compl. ¶ 30. As a result of this misleading labeling, the Product is sold at a premium price, as compared to similar competing products represented in a non-misleading way. Compl. ¶ 31.

**LEGAL STANDARDS**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must be construed "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008).

When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King,* 467 U.S. 69, 73 (1984).

"Rule 12(b)(6) does not countenance…dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556.   "[A] plaintiff [need only] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ARGUMENT**

**I.   EXPECTING BUTTER INSTEAD OF BUTTER SUBSTITUTES IS NOT FANCIFUL OR UNREASONABLE**

To demonstrate a "deceptive act or practice" under the ICFA, a plaintiff must "allege conduct that plausibly could deceive a reasonable consumer." *Phillips v. DePaul Univ*., 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014). "[A] statement is deceptive if it creates a likelihood of deception

or has the capacity to deceive." *Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 862 (N.D. Ill. 2021).

The "allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005); *United States Sec. & Exch. Comm'n v. Winemaster*, No. 19-cv-04843, 2021 WL 1172773, at *16 (N.D. Ill. Mar. 29, 2021) ("Whether a misstatement is material is "an inherently fact-specific finding.").

A.    Defendant's Reliance on *In re 100% Grated Parmesan Cheese* is Misplaced

Defendant relies heavily on other cases involving butter, where courts found the ingredient list cured any potential confusion. Def. Mem. at 11-12 citing *Sarr v. BEF Foods*, No. 18-cv-6409 (ARR), 2020 WL 729883, at *7 (E.D.N.Y. Feb. 13, 2020)   and *Reyes v. Crystal Farms Refrigerated Distrib. Co.*, No. 18-cv-2250 (NGG) (RML), 2019 WL 3409883, at *5 (E.D.N.Y. July 26, 2019); *but see Berger v. MFI Holding Corporation*, No. 17-cv-06728 (E.D.N.Y. Apr. 3, 2019) (refusing to dismiss plaintiff's claims that "made with real butter" and "fresh potatoes" were deceptive because mashed potatoes contained *less* butter than margarine)

*Sarr* and *Reyes* based their decisions on an "ambiguity rule," in a case regarding 100% grated Parmesan Cheese. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 922 (N.D. Ill. 2017) (where elements of a label were misleading in isolation, "but an ingredient label…would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context can cure the ambiguity and defeat the claim.")

There, the court concluded as a matter of law that "100% Parmesan Cheese" would not deceive consumers because a shelf-stable cheese would cause consumers to "investigate," thereby discovering added cellulose in ingredients. *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d at 922.

This "ambiguity rule" was adopted widely by courts to support dismissal of false advertising actions. *See*, *e.g., Davis v. Hain Celestial Grp. Inc.*, 297 F. Supp. 3d 327 (E.D.N.Y. 2018) (citing *100% Grated Parmesan Cheese* and asking "whether the misleading element is ambiguous. If so, the clarification can defeat the claim."); *Reyes*, 2019 WL 3409883, at * 5 (quoting *Davis* citing *In re 100% Grated Parmesan Cheese*, and asking, "whether the misleading element is ambiguous. If so, the clarification can defeat the claim."); *Sarr*, 2020 WL 729883, at *7 (quoting *Reyes* quoting *Davis* citing *In re 100% Grated Parmesan Cheese*, and finding in the event of ambiguity, "clarification can defeat the claim.").

The Seventh Circuit reversed *In re 100% Grated Parmesan Cheese*, and reiterated that "[C]onsumer-protection laws do not impose on average consumers an obligation to question the labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 476 (7th Cir. 2020).

*Bell* recognized that deceptive advertisements "use ambiguity to mislead consumers while maintaining some level of deniability about the intended meaning," and "a rule that immunized any ambiguous label so long as it is susceptible to one non-deceptive interpretation 'would validate highly deceptive advertising.'" *Bell*, 982 F.3d at 477quoting *Mantikas v. Kellogg Co.*, 910 F.3d 633, 638-39 (2d Cir. 2018) (reversing district court and concluding that "Whole Grain" statement on front label could mislead consumers, who were not required to scrutinize the ingredient list).

B.     Defendant's Arguments are Insufficient to Disregard *Bell*

Defendant goes to great lengths to overcome *Bell*, describing Plaintiff's expectations as "fanciful," "unreasonable," a "factually bankrupt," and "legally insufficient." Def. Mem. at 13. For several reasons, its arguments are contrary to the pleading standard.

1. *The Use of Butter Substitutes is Not Expected Where Label Contains No Qualifications*

Defendant attempts to distinguish its "butter crackers" from the reasoning applied by the Seventh Circuit, because "the product in Bell was labeled as '100% Grated Parmesan Cheese,' when it fact in contained other ingredients." Def. Mem. at 13 ("[T]he packaging here contains no such qualifier suggesting exclusivity or proportions of butter") citing *Bell*, 982 F.3d at 476-77.

This conflicts with Plaintiff's allegations, which state "the *absence of any qualification* of 'Golden Butter'" on the front label tells consumers that "[W]herever butter could be used…consumers will expect butter instead of its synthetic substitutes, vegetable oils." Compl. ¶¶ 4, 11.

This "omission [or concealment] of material facts [can] constitute[s] the 'deceptive act or practice' that cause[d] 'actual damage to the plaintiff.'" *Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp. 2d 900, 911 (N.D. Ill. 2011) citing 815 ILCS 505/2.

2. *Bell's Application was Not Limited to "Single Ingredient Foods"*

Next, Defendant seeks to restrict *Bell* to "a single-ingredient food (as was the Parmesan cheese [in Bell]) or a singular-type food." Def. Mem. at 13. However, the Seventh Circuit did not limit its holding to "single-ingredient food[s]," or products described as "100% _____ ."

In attempting to distinguish these facts from *Bell*, Defendant states there "is no rule or common understanding that butter crackers may not have oil as an ingredient, [because] plenty of butter cracker recipes include oil." Def. Mem. at 13 citing multiple websites.

Merely because "plenty" of people from the internet call something a "butter cracker" when it uses butter substitutes in place of butter is insufficient to disrupt the pleading standard, which requires the Court to "ask whether the plaintiff's interpretation of a statement is facially implausible, not whether the statement is 'clearly' enough misleading." *Bell*, 982 F.3d at 494.

5

The parties agree that "a 'butter cracker' is a type of cracker, and that 'butter' is its defining feature." Compl. ¶ 2. However, Plaintiff's expectation that a "butter cracker" describe "a cracker which is all or predominantly made with butter" is hardly an "unreasonable or fanciful interpretation of [a] label[s]," of the type contemplated by *Bell*. Compl. ¶ 3; Def. Mem. at 13.

According to Viktor Smith, a Danish Professor who has written widely on taxonomy of food naming conventions, while "butter [crackers]…should objectively contain butter," this definition is based on the incorrect assumptions that (1) "the meaning of the whole must necessarily be a function of its parts, and (2) that there is only one 'objective' and 'correct' way of interpreting the relation between the name's constituents."[1]

Current "theory and experimental evidence on the semantics and processing of complex lexical expressions call for certain modifications to these common-sense assumptions," because "[I]t is [thus] widely recognized that '2 + 2 does not equal 4' in a compound." The result is that "it takes more than just containing butter for a [cracker] to be recognized as, and conventionally called, a butter [cracker]."

Smith offers a description of how "the noun-noun relation will merely give rise to meta-linguistic reflections and expression-based connotations on the part of the hearer."

---

[1] Viktor Smith, "What's in a (food) name? From consumer protection to cognitive science–and back." H. W. Micklitz, et al. (Eds.) (2010). New Challenges for the Assessment of Fairness in a Common Market. European University Institute. EUI Working Papers Vol. LAW 2010 No. 21 (Smith uses an example of a "butter cookie").



(a) Simple use of familiar word – if interpreted at all, the noun-noun relation will merely give rise to meta-linguistic reflections and expression-based connotations on the part of the hearer.

Thus, whether the crackers contain only butter as the fat ingredient is not implausible, as Defendant suggests.

### 3. *Expecting Butter Instead of Butter Substitutes is Not Fanciful*

In seeking to characterize the allegations as "fanciful," Defendant states that "a cracker could not be '100% butter,'" and such a suggestion "defies both food science and common sense" because it is "unreasonable or fanciful." Def. Mem. at 13 citing *Bell*, 982 F.3d at 478, 493 ("a label is not deceptive as a matter of law when the plaintiff's interpretation is so facially illogical, implausible, or fanciful that no reasonable consumer would think it"). This argument fails for multiple reasons.

First, this is a thinly-veiled attempt to caricature Plaintiff's argument and ignore the allegations, which described "a 'butter cracker' [a]s a *type* of cracker," and the "fat content" of a cracker can be supplied by butter or butter substitutes. Compl. ¶¶ 2, 12-13 (emphasis added).

Second, there is no technological or other barrier to make a cracker that gets its fat content from butter instead of vegetable oils. Unlike other inconceivable products, i.e., "unrefined sugar," "'Butter crackers' which are made only with butter and not vegetable oils exist in the marketplace and are technologically feasible." Compl. ¶¶ 24-25; *see Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751 (N.D. Ill. 2015) (dismissing allegations as implausible because "unrefined" was not

technologically and  digestibly possible); *see also Grabowski v. Dunkin' Brands, Inc.*, No. 17-cv-5069, 2017 WL 6059966, at \*2 (N.D. Ill. Dec. 7, 2017) ("products that do contain real blueberries are sold side by side with products that contain the fake blueberries, which could further add to consumer confusion.").

Third, "if a plaintiff's interpretation of a challenged statement is not facially illogical, implausible, or fanciful, then a court may not conclude that it is nondeceptive as a matter of law." *Bell*, 982 F.3d at 493. Examples of these facts include a belief "that the colorful rings and balls of cereal shown on 'Froot Loops' and 'Cap'n Crunch' boxes promised real fruit within," "Original" and "Classic" versions of ice cream were healthier than competitor products, and expecting crackers to contain fresh vegetables. *Bell*, 982 F.3d at 478 citing *See McKinnis v. Kellogg USA*, No. 07-cv-2611, 2007 WL 4766060, at \*4 (C.D. Cal. Sept. 19, 2007) ("Froot Loops"); *Werbel v. Pepsico, Inc.*, No. 09-cv-4456, 2010 WL 2673860, at \*3 (N.D. Cal. July 2, 2010) ("Cap'n Crunch"); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012) ("It is implausible that a reasonable consumer would interpret `Original Sundae Cone,' `Original Vanilla,' and `Classic,' to imply that Drumstick [variety] is more wholesome or nutritious than competing products."); *Red v. Kraft Foods, Inc.*, No. 10-cv-1028, 2012 WL 5504011, at \*3 (C.D. Cal. Oct.25, 2012) ("made with real vegetables" not misleading because a cracker is made from wheat); *Forouzesh v. Starbucks Corp.*, 714 F. App'x 776, 777 (9th Cir. 2018) ("The statutory claims fail as a matter of law because no reasonable consumer would think ... that a 12-ounce `iced' drink, such as iced coffee or iced tea, contains 12 ounces of coffee or tea and no ice.").

C.     Defendant's Reliance on *Kamara* Fails to Overcome *Bell*

Following submission of its Motion, Defendant submitted a recent decision in which another district court concluded that the description, "Golden Butter [Crackers]" would not mislead consumers. *Kamara v. Pepperidge Farm, Inc.*, No. 20-cv-9012 (PKC), 2021 WL 5234882,

at *4 (S.D.N.Y. Nov. 9, 2021). However, the *Kamara* court relied on substantially the same authority Defendant urges this Court to rely on. *Kamara*, , 2021 WL 5234882, at *4 citing *Reyes*, 2019 WL 3409883, at * 5; *Sarr*, 2020 WL 729883, at *7 . Additionally, the *Kamara* court cited to another recent case which revived the "ambiguity rule." *Boswell v. Bimbo Bakeries USA, Inc.*, No. 20-cv-8923 (JMF), 2021 WL 5144552, at *2 (S.D.N.Y. Nov. 4, 2021) citing *In re 100% Grated Parmesan Cheese.*

The court in *Boswell* found that there are two types of false advertising cases - where a "prominent label that is unambiguous and misleading; and second, packaging with a prominent label that is ambiguous, but the ambiguity is resolved by reference to the list of ingredients or a Nutrition Facts panel." This reliance on the ingredient list was what *Bell* addressed, which is why this Court need not rely on *Kamara* or *Boswell*.

## II.   PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS

Defendant asserts that Plaintiff's claims for breach of the express and implied warranty, and Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, are deficient "for the same reason that plaintiff's ICFA claims fail," in addition to an absence of notice and privity. Def. Mem. at 16-18 citing *Spector v. Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 674 (N.D. Ill. 2016).

### A.   Defendant's Reliance on Purported Absence of Notice is Insufficient

Defendant's argument based on a purported failure of Plaintiff to provide notice is likewise insufficient to dismiss the express and implied warranty claims. Def. Mem. at 22 citing *Ibarrola*, 83 F. Supp. 3d at 760 (express warranty); *Anthony v. Country Life Mfg, LLC*, 70 F. App'x 379, 384 (7th Cir. 2003) (implied warranty).

First, 810 ILCS 5/2-607(3)(a) requires that "a buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy." Plaintiff alleged she purchased the Product "on multiple occasions during 2019 and

2020," and notified Defendant of the breach in May 2021, "a reasonable time after," through the filing of this action. Compl. ¶ 41; *In re Bridgestone/Firestone, Inc. Tires Products*, 155 F. Supp. 2d 1069 (S.D. Ind. 2001) (holding that notice can be satisfied by filing of suit).

Second, Defendant had actual knowledge of the Product's composition, and "admit[ted] knowledge of the alleged defect" in its motion, by conceding that it contains "other [butter substitute] ingredients, including vegetable oil." Def. Mem. at 8; *see Abramov v. Home Depot, Inc.*, No. 17-cv-1860, 2018 WL 1252105, at *4 (N.D. Ill. Mar. 12, 2018) (finding that plaintiff "was not required to provide pre-litigation notice of his warranty claims" where the defendant acknowledged "that its four-by-fours were not 4"×4""); *Fuchs v. Menard, Inc*., No. 17-cv-01752, 2017 WL 4339821, at *6 (Sept. 29, 2017) (finding notice where a party "had actual knowledge of its own labeling practices.").

B.     <u>Plaintiff Satisfied the Direct-Dealing Exception to Vertical Privity</u>

Defendant's reliance on a purported absence of privity being fatal to Plaintiff's express and implied warranty claims is incomplete. Def. Mem. at 17. First, the "the fact-intensive nature" of whether privity exists between parties "is often 'not appropriate at the motion-to-dismiss stage.'" *Elward v. Electrolux Home Prod., Inc.*, 214 F. Supp. 3d 701, 705 (N.D. Ill. 2016).

Second, Plaintiff plausibly alleged that Defendant's marketing to remote consumers through the Product's name, "Golden Butter," "more enticing to consumers" than "butter and vegetable oil," because "[C]onsumers prefer butter to chemically produced 'vegetable' oils," is sufficiently direct to satisfy the exception to strict privity. Compl. ¶¶ 6, 26; *see In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Litig.*, 155 F. Supp. 3d 772, 807 (N.D. Ill. 2016) (finding exception to vertical privity where defendant's "direct marketing campaign to consumers" induced their reliance); *see* also *Rhodes v. Pharmacal Co. v. Continental Can Co.*, 72 Ill.App.2d 362, 219 N.E.2d 726 (1st Dist. 1966).

10

C.    The "Butter" Representation Warrants the Presence of Butter and Not Butter Substitutes

Defendant argues the express warranty claim fails because "the statements to which plaintiff points are, as the ingredient list confirms, absolutely true," because "the product consists of butter crackers…made with butter as an ingredient." Def. Mem. at 17 citing *MacNeil Auto. Prods. Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 794-95 (N.D. Ill. 2010).

This position contradicts the Complaint's allegations, which characterize "[Golden] Butter" as a false "affirmation[s] of fact," because consumers will "expect butter instead of its synthetic substitutes, vegetable oils." Compl. ¶ 4; 810 ILCS 5/2-313(1)(a).

D.    Implied Warranty Claim is Viable because Product was Not Fit for Purpose as Cracker Made Without Butter Substitutes

Defendant argues the implied warranty of merchantability claim is lacking because Plaintiff "has not alleged facts to demonstrate the product is unfit to be consumed, its ordinary purpose." Def. Mem. at 17 citing *Thorner v. Fleetwood*, No. 00-cv-1012, 2002 WL 1998285, at *1 (N.D. Ill. Aug. 28, 2002).

However, the "ordinary purpose" of the Product is as a cracker "made only with butter and not vegetable oils," and the presence of "a non-de minimis amount of butter substitutes – vegetable oils," rendered it unfit for this purpose. Compl. ¶¶ 10, 24; *Oggi Trattoria and Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 865 N.E.2d 334, 340 (Ill. App. Ct. 2007) (finding a product must be "fit for the ordinary purposes for which such goods are used."); 810 ILCS 5/2-314(2)(c),(e).

E.    The MMWA Claim is Sufficient because it is Based on the Plausible Express and Implied Warranty Claims

Defendant's position – that the "MMWA does not apply" because "Golden Butter" did not promise a product will be "defect free or will meet a specified level of performance over a specified period of time" is misplaced. Def. Mem. at 17-18 citing 15 U.S.C. § 2301(6).

11

However, this overlooks that the "added vegetable oils detract from their taste and push the butter taste to the background," a prime example of a defect sufficient under this statute. Compl. ¶ 23; *Bonahoom v. Staples, Inc.*, No. 20-cv-1942, 2021 WL 1020986 at *8 (N.D. Ill. Mar. 17, 2021) (finding MMWA requirements similar to express warranty).

## III.   COMMON LAW CLAIMS ARE ADEQUATELY PLED

### A.   Negligent Misrepresentation Claim is Viable

Defendant contends that since Plaintiff "has failed to identify a false representation," the negligent misrepresentation cannot succeed. Def. Mem. at 12 citing *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833- 34 (7th Cir. 2007). This disregards that the Complaint alleges the Product's name is false, because "consumers will expect butter instead of its synthetic substitutes, vegetable oils." Compl. ¶ 4.

Further, Plaintiff satisfies an exception to the economic loss rule, because Defendant held "itself out as having special knowledge and experience this area [as] a trusted seller of baked goods." Def. Mem. at 18 citing *Manley v. Hain Celestial Group, Inc.*, 417 F. Supp. 3d 1114, 1125 (N.D. Ill. 2019); *compare with* Compl. ¶¶ 66; *see Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill.2d 137, 201 Ill. Dec. 71, 636 N.E.2d 503, 515 (1994) citing *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill.2d 69, 61 Ill. 746, 435 N.E.2d 443, 453 (1982).

### B.   The Complaint Exceeds Particularity Requirements for Fraud

Defendant argues that Plaintiff's fraud claim is deficient because she only offers "[b]are assertions of the state of mind required for the claim [in that case, bad faith] [without] subsidiary facts." Def. Mem. at 18 quoting *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013).

This misstates the facts, because Plaintiff "adequately alleges the 'who, what, where, when, and how' of the alleged fraud, sufficient to satisfy Rule 9(b)." *Ferris Mfg. Corp. v. Carr*, No. 14-

cv-04663, 2015 WL 279355, at *6 (N.D. Ill. Jan. 21, 2015). The "who" is Pepperidge Farm. Compl. ¶ 1. The "what" includes the statement of "Golden Butter" and omission of butter substitutes. Compl. ¶ 4. The "where" and "when" was at "Schnucks, 2222 Troy Rd, Edwardsville, IL 62025, on multiple occasions during 2019 and 2020." Compl. ¶ 41. The "how" involved the use of vegetable oils instead of butter. Compl. ¶ 13.

These facts satisfy Fed. R. Civ. P. 9(b), "although the exact level of particularity that is required will necessarily differ based on the facts of the case." *Anchor Bank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).[2]

### C.   Unjust Enrichment is Permitted because ICFA Claim is Viable

Defendant is correct that Plaintiff's claim of unjust enrichment "is predicated on the same allegations of deceptive advertising as Plaintiff's ICFA and breach of express warranty claims," which is why the "fundamental principles of justice, equity and good conscience" require denial of Defendant's request. Def. Mem. at 18-19 quoting *Spector*, 178 F. Supp. 3d at 674. Since Plaintiff has stated a claim under the ICFA, her unjust enrichment claim survives as well. Compl. ¶¶ 53-57, 72.

## IV.   PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF

Defendant's argument for dismissal of Plaintiff's request for injunctive relief is contrary to the instant facts and legal authority. Def. Mem. at 19 citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014).

That Plaintiff "cannot seek injunctive relief [because she is] are aware of a deceptive practice," "leads to anomalous results." *Le v. Kohls Department Stores, Inc.*, 160 F. Supp. 3d 1096,

---

[2] Defendant's argument would seemingly require the "talismanic practice of repeating and realleging facts in each count," an outdated and unnecessary habit. Gidi, Antonio, Incorporation by Reference: Requiem for a Useless Tradition (February 22, 2019). 70 Hastings L.J. 989 (2019).

1109 (E.D. Wis. 2016). As the court in *Le* pointed out, the plaintiff in *Camasta* "had merely put forth the bare assertion that 'there [wa]s a substantial danger that these wrongful retail practices w[ould] continue.'" *Le*, 160 F. Supp. 3d at 1111 citing *Camasta v. Jos. A Bank Clothiers, Inc.*, No. 12-cv-7782, 2013 WL 474509, at *6 (N.D. Ill. Feb. 7, 2013).

In contrast, Plaintiff "intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations about its components and ingredients are consistent with its representations." Compl. ¶ 44. This constitutes an imminent threat of future harm sufficient to satisfy Article III's injury-in-fact requirement. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181–85 (2000).

Plaintiff's allegations of continuing harm are not based on conjecture, "because the practices continue." Compl. ¶ 52; *see Muir v. NBTY, Inc.*, No. 15-cv-9835, 2016 WL 5234596, at *10 (N.D. Ill. Sept. 22, 2016) (holding that a plaintiff in a consumer products class action could seek injunctive relief where the plaintiff was able to show that the defendant's fraudulent conduct was ongoing).

The ongoing harm exception for injunctive relief exists because Defendant's failure to inform consumers that the Product contains butter substitutes where butter could be used is based on the uniform disregard of state requirements that the representations not be misleading. Compl. ¶¶ 1, 10; *Schirmer v. Nagode*, 621 F.3d 581, 588 (7th Cir. 2010) (acknowledging that if the challenged conduct was the result of a "policy or custom of misapplying local ordinances against disfavored speech," plaintiffs would have standing).

Finally, even if Plaintiff is unlikely to purchase a product again, she can maintain standing for injunctive relief. *Leiner v. Johnson & Johnson Consumer Companies*, 215 F. Supp. 3d 670, 673 (N.D. Ill. 2016) citing *Arreola v. Godinez*, 546 F.3d 788, 791, 795 (7th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss or in the alternative grant leave to file an Amended Complaint.

Dated:    November 24, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
spencer@spencersheehan.com
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080

15

**Certificate of Service**

I certify that on November 24, 2021, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan